# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## SOUTHEASTERN DIVISION

CHRISTOPHER GERALD SMITH,     )
                                  )
        Plaintiff,             )
                                  )
     v.                    )     No. 1:17-cv-154-NAB
                                  )
NICOLE GREEN, et al.,        )
                                  )
        Defendants.       )

## MEMORANDUM AND ORDER

This matter is before the Court upon review of the second amended complaint filed by plaintiff Christopher Gerald Smith, proceeding herein *pro se* and *in forma pauperis*. For the reasons explained below, the Clerk of Court will be directed to serve process upon the second amended complaint as to Dunklin County, Bob Holder, Nicole Green, Ashley Grisham, and Jimmy Smith, and defendants Melissa Unknown, Marisha Unknown, Steve Unknown, Unknown Pierce, B. Tinsley, Brandon Perkins, Mallory Snow, Joe Nelson, Ruby Lopez, Kyle Simms, and Daniel Hobbs will be dismissed.

### Background

Plaintiff, a pretrial detainee at the Dunklin County Justice Center (also "jail"), initiated this case on September 1, 21017 by filing a complaint against the Dunklin County Justice Center, Ashley Green, Nicole Green, Bob Holder, Unknown Pewitt, and Jimmy Smith. He sought and was granted leave to proceed *in forma pauperis*, and the Court reviewed his complaint pursuant to 28 U.S.C. § 1915(e). Upon initial review, the Court noted that the complaint was subject to dismissal because plaintiff failed to allege facts tending to show how any of the named defendants were personally responsible for violating his rights. In consideration of plaintiff's

*pro se* status, the Court permitted plaintiff the opportunity to file an amended complaint. In so doing, the Court explained why the complaint was subject to dismissal, clearly explained the necessity of alleging facts showing how each named defendant was responsible for the alleged harm, and expressly stated that the failure to make specific factual allegations against a defendant would result in the dismissal of that defendant. In response, plaintiff filed an amended complaint, and then filed a second amended complaint, which this Court now reviews pursuant to 28 U.S.C. § 1915(e).

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2)(B), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir. 1987). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Id.* at 678. Second, the Court must determine whether the complaint states a plausible claim for relief. *Id.* at 679. This is a

"context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." *Iqbal*, 556 U.S. at 679. The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." *Id.* at 681. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred. *Id.* at 680-82.

*Pro se* complaints are to be liberally construed, *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), but they still must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). The Court must weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). Federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint." *Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004).

## Discussion[1]

Plaintiff has filed the second amended complaint against Nicole Green (Jail Administrator), Bob Holder (Sheriff), Jimmy Smith (Lead Supervisor), Ashley Grisham (Nurse),[2] and Dunklin County, and corrections officers B. Tinsley, Joe Nelson, Ruby Lopez,

---

[1] The instant case is one of four civil rights cases plaintiff has filed in this Court since July 24, 2017 to challenge conditions of his present confinement. *See Smith v. Holder, et al.*, Case No. 1:17-cv-117-RWS (E.D. Mo. Jul. 24, 2017); *Smith v. Smith, et al.*, Case No. 1:17-cv-145-NCC (E.D. Mo. Aug. 28, 2017); *Smith v. Green, et al.*, Case No. 1:17-cv-144-JMB (E.D. Mo. Aug. 28, 2017). As of the date of this Memorandum and Order, *Smith v. Holder, et al.* remains pending. In that case, plaintiff alleges, *inter alia*, that his diabetes is not being properly treated and he is suffering from dizziness, loss of consciousness, and frequent urination. He also alleges that, in retaliation for filing grievances, Green, and Grisham moved him to a different cell.

[2] In plaintiff's original complaint, Ashley Grisham was identified as "Ashley Green."

3

Kyle Simms, Brandon Perkins, Mallory Snow, Daniel Hobbs, Marisha Unknown, Melissa Unknown, Steve Unknown, and Unknown Pierce. He states he sues the defendants in an individual and official capacity.

According to the second amended complaint, plaintiff suffers from uncontrolled diabetes, and as a result, is prone to break out in cold sweats and lose consciousness. Upon arrival at the jail, he was housed in "H pod," which had a handicap-accessible shower stall. However, Holder and Green ordered the maintenance technician to turn off its water supply, and Holder, Green, and Smith refused to turn the water back on. This left plaintiff with no choice but to use the non-accessible shower stall. On several occasions, while showering, plaintiff became dizzy, fell, and hit his head.

Plaintiff filed grievances about this and other matters. In retaliation, Green and Grisham ordered plaintiff repeatedly moved throughout the jail, including to an isolation cell where he was kept locked down. Smith, Green and Holder also placed plaintiff in administrative segregation without notice, an opportunity to be heard, or periodic reviews. Dunklin County had policies that led to plaintiff's injuries.

Liberally construed, the second amended complaint states a viable claim under the ADA and the RA[3] against Dunklin County, and against Holder, Green, and Smith in their official capacities. The second amended complaint also contains sufficient allegations to demonstrate unconstitutional retaliation against Green and Grisham, that Green, Smith and Holder placed him in administrative segregation without due process, and to demonstrate that the county had a

---

[3] Establishment of a *prima facie* case under the RA requires an additional showing that the program in question received federal financial assistance. *Gorman v. Bartch*, 152 F.3d 907, 911 (8th Cir. 1995), *Randolph v. Rogers*, 170 F.3d 850, 858 (8th Cir. 1999). The second amended complaint contains no such allegations. However, in consideration of plaintiff's *pro se* status, the Court will allow the claim to proceed at this time, and give the defendants the opportunity to address the issue of whether the program in question received federal financial assistance.

policy leading to plaintiff's injuries. These claims will be allowed to proceed against these defendants in their official and individual capacities.

Plaintiff also lists the names of defendants Melissa, Marisha, Steve, Pierce, Tinsley, Perkins, Snow, Nelson, Lopez, Smith, Simms, and Hobbs, and states that they all violated his First Amendment right to be free from retaliation. In support, plaintiff alleges that "they" retaliated against him in "various ways." (Docket No. 8 at 7). Plaintiff then lists various forms of conduct, including slamming his door harder than other doors, bringing cold food trays, delaying his mail, calling him names, threatening the use of a taser or pepper spray, telling him to stop complaining, and telling him to stop whining. Plaintiff does not specify which defendant engaged in what conduct. Plaintiff also contends that Holder, Green, Simms, Snow, Perkins, Pierce, Melissa, Marisha, Lopez, Nelson, Smith, Hobbs and Tinsley violated his right to outdoor recreation by not letting him go outdoors even though other inmates were allowed to get fresh air.

To state an actionable civil rights claim, a plaintiff must plead specific facts showing what each named defendant allegedly did, or failed to do, to violate his federally-protected rights. *See Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) ("Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights."). Here, plaintiff has failed to allege facts showing how each defendant was personally involved in violating his rights, despite the fact that the Court previously explained the necessity of doing so. He also fails to allege facts showing the severity or frequency of the alleged retaliatory conduct, such that it is plausible that such conduct was severe or frequent enough to chill a person of ordinary firmness from engaging in constitutionally-protected activity. Moreover, by merely lumping these defendants together into a mass without providing a factual basis to distinguish

5

their conduct, plaintiff has failed to give the defendants fair notice of the grounds for the claims made against them. This practice results in a pleading that fails to comply with Rule 8(a) of the Federal Rules of Civil Procedure. *See Aragon v. Che Ku*, 277 F.Supp.3d 1055, 1060-61 (D. Minn. 2017) (citing *Tatone v. SunTrust Mortg., Inc.*, 857 F.Supp.2d 821, 831 (D. Minn. 2012)). Finally, plaintiff sets forth no non-conclusory allegations that he was denied adequate exercise, just that he was not allowed to go outdoors. For all of these reasons, defendants Melissa, Marisha, Steve, Pierce, Tinsley, Perkins, Snow, Nelson, Lopez, Simms, and Hobbs will be dismissed from this action, and these particular claims are dismissed as to defendants Holder, Green, and Smith.

Plaintiff also states he "brings an equal protection claim" against Holder and Green for allowing some inmates to go outdoors but not him. (Docket No. 8 at 8). He also states that he "brings a civil conspiracy claim" against Green, Grisham, Holder, Smith, Nelson, Snow, Pierce, Perkins, Melissa, Steve, Marisha, Tinsley, Lopez, Simms and Hobbs for "conspiring together" to deprive him of his right to be free from retaliation, to deprive him of outdoor recreation, and to deprive him of his right to be accommodated pursuant to the ADA and the RA. *Id.* In support, he states there was a "meeting of the minds" between the defendants to agree to violate his rights. *Id.*

Having liberally construed these allegations, the Court finds they offer only the "labels and conclusions" and "formulaic recitation of the elements of a cause of action" that the Supreme Court has found deficient. *See Twombly*, 550 U.S. at 555. Even *pro se* complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin*, 623 F.2d at 1286, *see also Davis v. Hall*, 992 F.3d 151, 152 (8th Cir. 1993) (conclusory statements are insufficient to state a § 1983 claim). Because plaintiff has tendered only the barest assertion of

wrongdoing without the factual enhancement required to push the claim across the line between possibility and plausibility of entitlement to relief, he fails to state an equal protection claim or a claim of civil conspiracy. *See Iqbal*, 550 U.S. at 557.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of Court shall issue process or cause process to issue upon the second amended complaint as to defendants Dunklin County, Bob Holder, Nicole Green, Ashley Grisham, and Jimmy Smith. Defendants shall be served by issuance of summons and service by the U.S. Marshal's Office at 1175 Floyd Street, Kennett, MO 63857.

**IT IS FURTHER ORDERED** that defendants Melissa Unknown, Marisha Unknown, Steve Unknown, Unknown Pierce, B. Tinsley, Brandon Perkins, Mallory Snow, Joe Nelson, Ruby Lopez, Kyle Simms, and Daniel Hobbs are **DISMISSED** from this action. A separate order of partial dismissal will be entered herewith.

**IT IS HEREBY CERTIFIED** that an appeal from this partial dismissal would not be taken in good faith.

Dated this /3 day of May, 2018.

RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE