# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER GERALD SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:17-CV-154 CAS |
| | ) | |
| NICOLE GREEN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on the Motion to Dismiss filed by defendant Ashley Grisham ("defendant"). Plaintiff has not responded to the motion, and the time for doing so has passed. For the reasons discussed below, the motion will be denied.

### I. Background

At all times relevant to the instant case, plaintiff Christopher Gerald Smith ("plaintiff") was a pretrial detainee at the Dunklin County Justice Center. The instant motion is directed to plaintiff's second amended complaint, which he filed on January 29, 2018. In sections I and II of the second amended complaint, plaintiff sets forth the bases for jurisdiction and venue, and identifies the parties to the action. In section III, plaintiff sets forth the facts giving rise to the action, and in section IV he sets forth his legal claims.

The facts relevant to plaintiff's claims against defendant are as follows. Plaintiff requires access to a handicap-accessible shower. He filed grievances concerning, among other things, the lack of such access. In retaliation, defendant and others placed plaintiff in medical isolation, and repeatedly moved him back and forth to different areas of the facility. Defendant has filed the instant motion pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## II. Legal Standard

The purpose of a motion to dismiss for failure to state a claim is to test the legal sufficiency of the complaint. To survive a motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim for relief "must include sufficient factual information to provide the 'grounds' on which the claim rests, and to raise a right to relief above a speculative level." Schaaf v. Residential Funding Corp., 517 F.3d 544, 549 (8th Cir. 2008) (citing Twombly, 550 U.S. at 555 & n.3). This obligation requires a plaintiff to plead "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555.

When considering a motion to dismiss, the Court accepts as true all of the factual allegations contained in the complaint, even if it appears that "actual proof of those facts is improbable," id. at 556, and reviews the complaint to determine whether its allegations show that the pleader is entitled to relief. Id. at 555–56; Fed. R. Civ. P. 8(a)(2). The principle that a court must accept as true all of the allegations contained in a complaint does not apply to legal conclusions, however. Iqbal, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice"). In addition, all reasonable inferences from the complaint must be drawn in favor of the nonmoving party. Young v. City of St. Charles, Mo., 244 F.3d 623, 627 (8th Cir. 2001).

## III. Discussion

In the instant motion to dismiss, counsel for defendant, J. Thaddeus Eckenrode, argues that defendant should be dismissed from this action because the second amended complaint

refers to Ashley Green. Counsel also suggests that the Court erroneously construed the second amended complaint as filed against Ashley Grisham, and wrongfully issued service of process as to Ashley Grisham. Counsel writes:

> Contrary to this Court's Memorandum and Order (Doc. 10), Plaintiff's Second Amended Complaint was filed against Ashley Green, the named defendant, who was terminated from this action. (See Doc. 8 and court file dismissing Ashley Green). Plaintiff's Second Amended Complaint does not mention Ashley Grisham, even though Ashley Grisham was served with the summons issued in this matter. (Doc. 8).
> 
> . . .
> 
> Plaintiff's lawsuit against Ashley Green has been terminated by this court and there are no allegations in Plaintiff's Second Amended Complaint against Ashley Grisham.

(Doc. 20 at 3, 5).

The Court is troubled by counsel's contention that Ashley Grisham should be dismissed from this action because plaintiff referred to her as Ashley Green, as counsel has previously acknowledged in other cases that Ashley Grisham and Ashley Green are the same individual. Some background information is necessary. In plaintiff's original complaint, he named "Ashley Green" as a defendant, and identified her as the nurse at the Dunklin County Justice Center. Following initial review pursuant to 28 U.S.C. § 1915(e), the Court ordered plaintiff to file an amended complaint. On December 26, 2017, plaintiff filed an amended complaint in which he named "Ashley Grisham" as a defendant, and identified her as the nurse at the Dunklin County Justice Center. On that date, the Court changed the docket sheet to reflect that "Ashley Green" had been terminated as a party defendant. Less than one month later, plaintiff filed the instant second amended complaint, this time naming Ashley Green as a defendant and identifying her as the nurse at the Dunklin County Justice Center.

During his incarceration at the Dunklin County Justice Center, plaintiff has filed other cases in this District alleging that his federally protected rights were violated by people who work there. In fact, the instant motion to dismiss and the memorandum in support reference two such cases: Smith v. Holder, et al., No. 1:17-CV-117 RWS (E.D. Mo. Jul. 24, 2017) (hereafter "Smith I"), and Smith v. Green, et al., No. 1:17-CV-144 JMB (E.D. Mo. Aug. 28, 2017).

In Smith I, plaintiff named Ashley Green as a defendant, and the Court directed that she be served with process via issuance of summons by the United States Marshals Service. However, service was returned unexecuted with the notation: "subject does not work for Dunklin County." (Smith I, Doc. 11). The Court then sought to effectuate service upon defendant Ashley Green by seeking a waiver of service from Corizon. When that was unsuccessful, the Court entered an order directing Dunklin County to provide Ashley Green's last known address. Before Dunklin County could respond, Mr. Eckenrode entered his appearance "as counsel for Defendant Ashley Grisham (improperly named as Ashley Green)." (Smith I, Doc. 35). On October 24, 2017, counsel filed an answer on behalf of "Ashley Grisham (Improperly Named Ashley Green)," and wrote:

> COMES NOW Defendant, improperly named Defendant, Ashley Green (otherwise known as Ashley Grisham and hereinafter is named Ashley Grisham), and answers Plaintiff's Complaint . . .

(Smith I, Docket No. 38, p. 1).

The same issue arose in Smith v. Green, et al., No. 1:17-CV-144 JMB: Plaintiff named Ashley Green as a defendant and the Court directed that Green be served with process, only to have the summons returned unexecuted with the notation that there was no Ashley Green at the Dunklin County Justice Center. That case was later consolidated with Smith I.[1]

---

[1] In another prisoner case filed in this District, Jones v. Holder, 1:17-CV-111 CAS, the plaintiff named as a defendant "Ashley Green, Nurse" (Doc. 1) and defendant Ashley Green was served with

4

This Court may take judicial notice of records in a case before the court. See Cravens v. Smith, 610 F.3d 1019, 1029 (8th Cir. 2010) (quoting In re Papatones, 143 F.3d 623, 624 n. 3 (1st Cir. 1998) ("The court may take judicial notice of its own orders and of records in a case before the court.")). Therefore, when reviewing the second amended complaint in the instant case, the Court knew that "Ashley Grisham" was the correct name of the person plaintiff identified as "Ashley Green" and described as the nurse at the Dunklin County Justice Center. The Court therefore ordered that summons be issued as to Ashley Grisham, rather than engage in the futile and expensive exercise of issuing a summons to Ashley Green only to have it returned unexecuted with the notation that there was no one at the Dunklin County Justice Center by that name. Mr. Eckenrode's attempt to have Ashley Grisham dismissed from this case on the basis that plaintiff refers to her as Ashley Green directly contrasts with representations he has made when appearing before the Court in other matters, which acknowledge that Ashley Green and Ashley Grisham are the same individual. Counsel's argument is therefore not well taken, and borders on being legally and factually frivolous.

Defendant also argues that plaintiff fails to state a claim of retaliation because he does not allege he was exercising a constitutional right. To state a prima facie claim of retaliation, plaintiff must allege that he engaged in protected activity and that the defendant, to retaliate against plaintiff for engaging in that activity, took adverse action that would chill a person of ordinary firmness from engaging in that activity. See Revels v. Vincenz, 382 F.3d 870, 876 (8th Cir. 2004). "The filing of a prison grievance, like the filing of an inmate lawsuit, is protected

---

summons and complaint by the U.S. Marshals Service at the Dunklin County Justice Center. (Doc. 15.) Attorney J. Thaddeus Eckenrode entered his appearance on behalf of defendant "Ashley Grisham" (Doc. 18), and filed an "Answer, Affirmative Defenses, and Request for Trial by Jury of Defendant Ashley Grisham (Improperly Named 'Ashley Green')" (Doc. 19). This further confirms that Mr. Eckenrode has previously represented to the Court that Ashley Green, a nurse at Dunklin County Justice Center, is the same person as Ashley Grisham, a nurse at Dunklin County Justice Center.

First Amendment activity." Haynes v. Stephenson, 588 F.3d 1152, 1155-56 (8th Cir. 2009) (quoting Lewis v. Jacks, 486 F.3d 1025, 1029 (8th Cir. 2007)).  In this case, plaintiff clearly alleges that he filed grievances, and that defendant took adverse action to retaliate against him for doing so.  The Court concludes that the second amended complaint adequately pleads plaintiff's use of the grievance procedure as the protected activity for which he faced retaliation.

Defendant also argues that the second amended complaint fails to plead a sufficient factual basis she took action that would chill a person of ordinary firmness from engaging in constitutionally protected activity.  In support, defendant argues that plaintiff fails to plead sufficient facts to indicate that he experienced more burdensome conditions as a result of the transfers.  Defendant also argues that she was a nurse and had no involvement in where plaintiff was housed.  These arguments are not well taken.  Taken as true, plaintiff alleges that defendant moved him in and out of medical isolation and back and forth between different pods in the facility in retaliation for filing grievances.  Plaintiff also alleges that he required access to a handicap-accessible shower stall and, as defendant acknowledges, he also adequately alleges that he needed to be housed in H pod in order to have access to the handicap-accessible shower stall. Drawing all reasonable inferences in plaintiff's favor, defendant was a nurse who would have some say in whether plaintiff was placed in medical isolation, and plaintiff would have been dissuaded from filing grievances if he was placed in isolation or moved to areas of the facility that lacked a handicap-accessible shower stall.

Defendant also argues that she should be dismissed from this action because plaintiff had no right to be housed in a location of his choosing.  Although prison officials generally may "transfer a prisoner for whatever reason or for no reason at all," Olim v. Wakinekona, 461 U.S. 238, 250 (1983), a prisoner cannot be transferred in retaliation for the exercise of a constitutional

6

right.  Goff v. Burton, 7 F.3d 734, 737 (8th Cir. 1993).   Here, plaintiff has sufficiently alleged that he was exercising a constitutional right, and was transferred in retaliation for doing so.

Defendant also argues that she should be dismissed from this action because the "legal claims" section of the second amended complaint does not specifically enumerate a retaliation claim against her, and that certain statements in the second amended complaint fail to state a claim against her.  While not a model of clarity, the second amended complaint, considered as a whole and liberally construed, adequately alleges that Ashley Green (who, according to counsel's representations to the Court when appearing on other matters, is otherwise known as Ashley Grisham) was a nurse at the Dunklin County Justice Center who took adverse action against plaintiff for filing grievances.  Perhaps when considered in isolation, the statements to which defendant refers or the omission of an enumerated claim in the "legal claims" section of the second amended complaint might fail to allege a sufficient factual basis for plaintiff's claims.  In considering the instant motion, however, the Court does not consider each statement–or the omission of a statement–in isolation.  Instead, the Court must read the second amended complaint as a whole.  Braden v. Wal–Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009) (citation omitted) (when considering a motion to dismiss, the plaintiff's complaint must be read as a whole, rather than "parsed piece by piece to determine whether each allegation, in isolation, is plausible.").  Defendant's arguments are not well taken.

Defendant also argues that plaintiff failed to say what defendant did, when defendant did it, what federally protected right was involved, how such right was violated, where he was located, when he was located in each place, or whether he was cited with any disciplinary actions, and that plaintiff "provides no proof that the desire to retaliate was a motivating factor behind transfer."  (Doc. 20 at 6-7).  As set forth above, considered as a whole, plaintiff has

sufficiently pled that he exercised a constitutional right, and defendant retaliated against him for doing so. At this stage of the litigation, plaintiff is not required to set forth detailed factual allegations or specific facts that describe the evidence to be presented, nor is he required to prove the elements of his claims. See Gregory v. Dillards, Inc., 565 F.3d 464, 473 (8th Cir. 2009) (en banc) (quotations and citation omitted) (to survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient factual allegations to provide the grounds on which the claim rests; it need not set forth detailed factual allegations, or specific facts that describe the evidence to be presented). Defendant's arguments are not well taken.

Finally, defendant argues that if she is not dismissed from this action, this action should be consolidated with Smith I. This request is denied. If defendant wishes to consolidate this case with another, she may seek to do so by following the appropriate procedure.

For the foregoing reasons, the motion to dismiss will be denied in all respects.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Dismiss filed by defendant Ashley Grisham is **DENIED**. [Doc. 19]

**IT IS FURTHER ORDERED** that defendant Ashley Grisham shall answer the second amended complaint no later than thirty (30) days from the date of this Memorandum and Order.

_____
CHARLES A. SHAW
UNITED STATES DISTRICT JUDGE

Dated this 19th day of June, 2018.